**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| EILEEN JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: |
| ) | |
| HORSESHOE HAMMOND, LLC d/b/a ) | **JURY DEMAND** |
| HORSESHOE CASINO HAMMOND, ) | |
| CAESARS ENTERTAINMENT CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, EILEEN JONES, by and through her attorneys, EFRON & EFRON, P.C., and complaining of the Defendants, HORSESHOE HAMMOND, LLC d/b/a HORSESHOE CASINO HAMMOND and CAESARS ENTERTAINMENT CORPORATION, states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction is founded upon 28 U.S.C. § 1332 – Diversity Jurisdiction over controversy between citizens of different states – and 28 U.S.C. § 1331 – Jurisdiction over actions arising under the Constitution, laws or treaties of the United States.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

3. Plaintiff, EILEEN JONES, is a citizen of the United States of America and a resident and citizen of the State of Illinois.

4. On or about July 15, 2014, and at all times relevant herein, Defendant HORSESHOE HAMMOND, LLC (hereinafter "HORSESHOE"), was an Indiana corporation authorized to do business in the State of Indiana and doing business as HORSESHOE CASINO HAMMOND.

5. On or about July 15, 2014, and at all times relevant herein, HORSESHOE owned, operated, managed, controlled, maintained and/or leased a casino at approximately 777 Casino Center Drive, Hammond, Indiana and was engaged in a commercial enterprise operating a public casino for profit.

6. On or about July 15, 2014 and at all times relevant herein, the Defendant HORSESHOE, was owned by the Defendant CAESARS ENTERTAINMENT CORPORATION (hereinafter "CAESARS").

7. On or about July 15, 2014 and at all times relevant herein, the Defendant, CAESARS, was a Delaware corporation.

## COUNT I
### (Horseshoe – General Maritime Law of United States)

8. On or about July 15, 2014 and at all times relevant, the Defendant HORSESHOE was an Indiana corporation authorized to do business in the State of Indiana, doing business as HORSESHOE CASINO HAMMOND and doing business in Hammond, Indiana.

9. On or about July 15, 2014 and at all times relevant, the Defendant CAESARS was a Delaware corporation authorized to do business in the State of Indiana and doing business in the State of Indiana.

10. On or about July 15, 2014 and at all times mentioned herein, the Defendant HORSESHOE, owned, operated, managed, controlled, maintained, leased and/or chartered a

boat/barge/vessel casino on Lake Michigan near approximately 777 Casino Center Drive, Hammond, Indiana and was engaged in a commercial enterprise operating a public casino for profit.

11.     On or about July 15, 2014 and at all times mentioned herein, the Defendant HORSESHOE, was owned by the Defendant CAESARS.

12.     On or about July 15, 2014 and at all times mentioned herein, the Defendant HORSESHOE, owned, operated, managed, controlled, maintained, leased and/or chartered the aforementioned boat/barge casino, a vessel in navigation on navigable waters of the United States.

13.     On or about July 15, 2014 and at all times relevant, the Defendants HORSESHOE and/or CAESARS invited the public, including Plaintiff, to enter and board the aforementioned casino.

14.      On or about July 15, 2014 and at all times relevant, the Plaintiff, EILEEN JONES, was a guest passenger, invitee and patron of the aforementioned vessel and lawfully on board the aforementioned casino.

15.     On or about July 15, 2014, Plaintiff EILEEN JONES was located at or near the buffet restaurant located inside the aforementioned casino vessel.

16.     At the aforementioned time and place, the Defendants HORSESHOE and/or CAESARS, by and through their agents and/or employees, spilled a liquid substance on the floor of the buffet restaurant.

17.     At the aforesaid time and place, Plaintiff EILEEN JONES, was caused to slip and fall on the aforementioned liquid substance on the floor of the Defendants' casino vessel.

18.     At the aforesaid time and place, it was the duty of the Defendant, HORSESHOE, to exercise reasonable care in the ownership, construction, operation, management, maintenance,

leasing and/or chartering of the aforementioned vessel casino so as not to cause injury to individuals on the vessel.

19. At the aforesaid time and place, it was the duty of the Defendant, HORSESHOE, to exercise reasonable care in the ownership, construction, operation, management, maintenance, leasing and/or chartering of a seaworthy vessel.

20. On or about July 15, 2014 the Defendant, HORSESHOE, by and through its agents and/or employees, breached its duties and was negligent in one or more of the following respects:

    a. failed to maintain the vessel in a safe condition;

    b. failed to warn of the aforesaid liquid substance, when Defendant knew, or in the exercise of reasonable care should have known, that said warning was necessary to prevent and avoid injury to passengers, including Plaintiff;

    c. carelessly and negligently dropped the aforesaid liquid substance on the floor;

    d. failed to timely and properly clear or clean the floor of the casino;

    e. failed to timely and properly inspect and/or maintain the vessel, including for liquid substances on the floor;

21. As a direct and proximate result of one or more of the following negligent acts and/or omissions of the Defendant, HORSESHOE, through its agents and/or employees, the Plaintiff, EILEEN JONES, was injured, endured and will continue to endure significant pain and suffering, has been injured in her capacity to earn a living, has incurred significant sums for medical care and treatment, and has been otherwise injured

WHEREFORE, the Plaintiff, EILEEN JONES, demands judgment against Defendant, HORSESHOE HAMMOND, LLC d/b/a HORSESHOE CASINO HAMMOND, in such sum of money as shall reasonably and fairly compensate her for the injuries she sustained and such sum of money is in excess of the jurisdictional amount.

## COUNT II
### (Caesars – General Maritime Law of United States)

22. On or about July 15, 2014 and at all times relevant, the Defendant HORSESHOE was an Indiana corporation authorized to do business in the State of Indiana, doing business as HORSESHOE CASINO HAMMOND and doing business in Hammond, Indiana.

23. On or about July 15, 2014 and at all times relevant, the Defendant CAESARS was a Delaware corporation authorized to do business in the State of Indiana and doing business in Hammond, Indiana.

24. On or about July 15, 2014 and at all times mentioned herein, the Defendant CAESARS, owned, operated, managed, controlled, maintained, leased and/or chartered a boat/barge/vessel casino on Lake Michigan near approximately 777 Casino Center Drive, Hammond, Indiana and was engaged in a commercial enterprise operating a public casino for profit.

25. On or about July 15, 2014 and at all times mentioned herein, the Defendant HORSESHOE, was owned by the Defendant CAESARS.

26. On or about July 15, 2014 and at all times mentioned herein, the Defendant CAESARS, owned, operated, managed, controlled, maintained, leased and/or chartered the aforementioned boat/barge casino, a vessel in navigation on navigable waters of the United States.

27. On or about July 15, 2014 and at all times relevant, the Defendants HORSESHOE and/or CAESARS invited the public, including Plaintiff, to enter and board the aforementioned casino.

28. On or about July 15, 2014 and at all times relevant, the Plaintiff, EILEEN JONES, was a guest passenger, invitee and patron of the aforementioned vessel and lawfully on board the aforementioned casino.

29. On or about July 15, 2014, Plaintiff EILEEN JONES was located at or near the buffet restaurant located inside the aforementioned casino vessel.

30. At the aforementioned time and place, the Defendants HORSESHOE and/or CAESARS, by and through their agents and/or employees, spilled a liquid substance on the floor of the buffet restaurant.

31. At the aforesaid time and place, Plaintiff EILEEN JONES, was caused to slip and fall on the aforementioned liquid substance on the floor of the Defendants' casino vessel.

32. At the aforesaid time and place, it was the duty of the Defendant, CAESARS, to exercise reasonable care in the ownership, construction, operation, management, maintenance, leasing and/or chartering of the aforementioned vessel casino so as not to cause injury to individuals on the vessel.

33. At the aforesaid time and place, it was the duty of the Defendant, CAESARS, to exercise reasonable care in the ownership, construction, operation, management, maintenance, leasing and/or chartering of a seaworthy vessel.

34. On or about July 15, 2014 the Defendant, CAESARS, by and through its agents and/or employees, breached its duties and was negligent in one or more of the following respects:

    a. failed to maintain the vessel in a safe condition;

    b. failed to warn of the aforesaid liquid substance, when Defendant knew, or in the exercise of reasonable care should have known, that said warning was necessary to prevent and avoid injury to passengers, including Plaintiff;

    c. carelessly and negligently dropped the aforesaid liquid substance on the floor;

      d.      failed to timely and properly clear or clean the floor of the casino;

      e.      failed to timely and properly inspect and/or maintain the vessel, including for liquid substances on the floor;

35. As a direct and proximate result of one or more of the following negligent acts and/or omissions of the Defendant, CAESARS, through its agents and/or employees, the Plaintiff, EILEEN JONES, was injured, endured and will continue to endure significant pain and suffering, has been injured in her capacity to earn a living, has incurred significant sums for medical care and treatment, and has been otherwise injured.

WHEREFORE, the Plaintiff, EILEEN JONES, demands judgment against Defendant, CAESARS ENTERTAINMENT CORPORATION, in such sum of money as shall reasonably and fairly compensate her for the injuries she sustained and such sum of money is in excess of the jurisdictional amount.

## COUNT III
**(Horseshoe – Common Law Negligence)**

36. On or about July 15, 2014 and at all times relevant, the Defendant HORSESHOE was an Indiana corporation authorized to do business in the State of Indiana, doing business as HORSESHOE CASINO HAMMOND and doing business in Hammond, Indiana.

37. On or about July 15, 2014 and at all times relevant, the Defendant CAESARS was a Delaware corporation authorized to do business in the State of Indiana and doing business in Hammond, Indiana.

38. On or about July 15, 2014 and at all times mentioned herein, the Defendant HORSESHOE, owned, operated, managed, controlled, maintained and/or leased a casino on at

approximately 777 Casino Center Drive, Hammond, Indiana and was engaged in a commercial enterprise operating a public casino for profit.

39. On or about July 15, 2014 and at all times mentioned herein, the Defendant HORSESHOE, was owned by the Defendant CAESARS.

40. On or about July 15, 2014 and at all times mentioned herein, the Defendant HORSESHOE, owned, operated, managed, controlled, maintained, leased and/or chartered the aforementioned casino.

41. On or about July 15, 2014 and at all times relevant, the Defendants HORSESHOE and/or CAESARS invited the public, including Plaintiff, to enter the aforementioned casino.

42. On or about July 15, 2014 and at all times relevant, the Plaintiff, EILEEN JONES, was an invitee and patron of the aforementioned casino and lawfully on said premises.

43. On or about July 15, 2014, Plaintiff EILEEN JONES was located at or near the buffet restaurant located inside the aforementioned casino.

44. At the aforementioned time and place, the Defendants HORSESHOE and/or CAESARS, by and through their agents and/or employees, spilled a liquid substance on the floor of the buffet restaurant.

45. At the aforesaid time and place, Plaintiff EILEEN JONES, was caused to slip and fall on the aforementioned liquid substance on the floor of the Defendants' casino.

46. At the aforesaid time and place, it was the duty of the Defendant, HORSESHOE, to exercise reasonable care in the ownership, construction, operation, management, maintenance, leasing and/or chartering of the aforementioned casino so as not to cause injury to individuals in the casino.

47. On or about July 15, 2014 the Defendant, HORSESHOE, by and through its agents and/or employees, breached its duties and was negligent in one or more of the following respects:

    a. failed to maintain the casino in a safe condition;

    b. failed to warn of the aforesaid liquid substance, when Defendant knew, or in the exercise of reasonable care should have known, that said warning was necessary to prevent and avoid injury to passengers, including Plaintiff;

    c. carelessly and negligently dropped the aforesaid liquid substance on the floor;

    d. failed to timely and properly clear or clean the floor of the casino;

    e. failed to timely and properly inspect and/or maintain the casino, including for liquid substances on the floor;

48. As a direct and proximate result of one or more of the following negligent acts and/or omissions of the Defendant, HORSESHOE, through its agents and/or employees, the Plaintiff, EILEEN JONES, was injured, endured and will continue to endure significant pain and suffering, has been injured in her capacity to earn a living, has incurred significant sums for medical care and treatment, and has been otherwise injured

WHEREFORE, the Plaintiff, EILEEN JONES, demands judgment against Defendant, HORSESHOE HAMMOND, LLC d/b/a HORSESHOE CASINO HAMMOND, in such sum of money as shall reasonably and fairly compensate her for the injuries she sustained and such sum of money is in excess of the jurisdictional amount.

## COUNT IV
**(Caesars – Common Law Negligence)**

49. On or about July 15, 2014 and at all times relevant, the Defendant HORSESHOE was an Indiana corporation authorized to do business in the State of Indiana, doing business as HORSESHOE CASINO HAMMOND and doing business in Hammond, Indiana.

50. On or about July 15, 2014 and at all times relevant, the Defendant CAESARS was a Delaware corporation authorized to do business in the State of Indiana and doing business in Hammond, Indiana.

51. On or about July 15, 2014 and at all times mentioned herein, the Defendant CAESARS, owned, operated, managed, controlled, maintained, leased and/or chartered a casino at or near approximately 777 Casino Center Drive, Hammond, Indiana and was engaged in a commercial enterprise operating a public casino for profit.

52. On or about July 15, 2014 and at all times mentioned herein, the Defendant HORSESHOE, was owned by the Defendant CAESARS.

53. On or about July 15, 2014 and at all times mentioned herein, the Defendant CAESARS, owned, operated, managed, controlled, maintained, leased and/or chartered the aforementioned casino.

54. On or about July 15, 2014 and at all times relevant, the Defendants HORSESHOE and/or CAESARS invited the public, including Plaintiff, to enter the aforementioned casino.

55. On or about July 15, 2014 and at all times relevant, the Plaintiff, EILEEN JONES, was a guest, invitee and patron of the aforementioned casino and lawfully on the premises.

56. On or about July 15, 2014, Plaintiff EILEEN JONES was located at or near the buffet restaurant located inside the aforementioned casino.

57. At the aforementioned time and place, the Defendants HORSESHOE and/or CAESARS, by and through their agents and/or employees, spilled a liquid substance on the floor of the buffet restaurant.

58. At the aforesaid time and place, Plaintiff EILEEN JONES, was caused to slip and fall on the aforementioned liquid substance on the floor of the Defendants' casino.

59.     At the aforesaid time and place, it was the duty of the Defendant, CAESARS, to exercise reasonable care in the ownership, construction, operation, management, maintenance, leasing and/or chartering of the aforementioned casino so as not to cause injury to individuals on the premises.

60.     On or about July 15, 2014 the Defendant, CAESARS, by and through its agents and/or employees, breached its duties and was negligent in one or more of the following respects:

      a.  failed to maintain the casino in a safe condition;

      b.  failed to warn of the aforesaid liquid substance, when Defendant knew, or in the exercise of reasonable care should have known, that said warning was necessary to prevent and avoid injury to passengers, including Plaintiff;

      c.  carelessly and negligently dropped the aforesaid liquid substance on the floor;

      d.  failed to timely and properly clear or clean the floor of the casino;

      e.  failed to timely and properly inspect and/or maintain the premises, including for liquid substances on the floor;

61.     As a direct and proximate result of one or more of the following negligent acts and/or omissions of the Defendant, CAESARS, through its agents and/or employees, the Plaintiff, EILEEN JONES, was injured, endured and will continue to endure significant pain and suffering, has been injured in her capacity to earn a living, has incurred significant sums for medical care and treatment, and has been otherwise injured.

WHEREFORE, the Plaintiff, EILEEN JONES, demands judgment against Defendant, CAESARS ENTERTAINMENT CORPORATION, in such sum of money as shall reasonably and fairly compensate her for the injuries she sustained and such sum of money is in excess of the jurisdictional amount.

        Respectfully submitted,

        **EFRON & EFRON, P.C.**


          /s/ James P. Driscoll
        One of the Attorneys for the Plaintiff

**Efron & Efron, PC**
5246 Hohman Ave.
Fifth Floor
Hammond, Indiana  46320
(219) 931-5380
(219) 933-3180 Fax