UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MARIA GREEN as Independent Administrator of the Estate of EILEEN JONES, Deceased,<br>        Plaintiff,<br><br>        v.<br><br>HORSESHOE HAMMOND, LLC d/b/a HORSESHOE CASINO HAMMOND,<br>        Defendant. | )<br>)<br>)<br>)<br>)<br>) CAUSE NO.: 2:18-CV-378-JEM<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's General Motions *in Limine* [DE 59], Plaintiff's Motion *in Limine* to Bar Argument that Plaintiff Should Anticipate Defendant's Negligence and Not Wear Sandals [DE 60], Plaintiff's Motion *in Limine* to Bar Unrelated Health Conditions/Death [DE 61], and a Motion in Limine of Horseshoe Hammond, LLC [DE 62], all filed February 16, 2021. Neither party filed any response to the other's motions, but at the conferences on April 6, 2021, and June 3, 2021, the parties represented that they had reached an agreement on several of the motions, and on June 9, 2021, filed a Joint Status Report indicating which motions were withdrawn or agreed. No response has been filed and the time to do so has passed.

**I.    Analysis**

A motion in limine will be granted "only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *see also Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000). Most evidentiary rulings will be resolved at trial in context, and this "ruling is subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984). The Court considers each request

1

in turn.

The parties represent that Plaintiff's general requests numbered 1-12, 14-20, Defendant's requests numbered 2-6, and the motions regarding Plaintiff's death and choice of footwear are agreed, and that Defendant withdraws its request number 1. In addition, Defendant did not file any response objecting to Plaintiff's requests numbered 22-26. Accordingly, the following are excluded:

- evidence or argument of tax consequences to Plaintiff of the verdict;

- comments that Plaintiff's request for damages is an attempt to get rich quick, or a comparison of an award to winning the lottery;

- argument that counsel for Plaintiff are asking for more money than they expect to be awarded or any expressions of shock or surprise from Defendant about the amount of damages requested;

- mention that Defendant's reputation is at stake in this suit;

- reference to tort reform;

- argument that Plaintiff prove a certain dollar amount in order to be compensated for non-economic damages;

- inferences that an award would be paid out of Defendant's personal assets or any comment regarding Defendant's ability to pay an award, including mention of the effect tort verdicts have on insurance rates;

- testimony as to Defendant's good character or reputation;

- any argument that jurors place themselves in Defendant's shoes;

- comments that Plaintiff's case, damage request, or verdict places a burden on the public or taxpayers;

- comments that the cost or availability of care or services provided by Defendant would be adversely affected by a large judgment, and any other reference to Defendant's financial status or its ability to pay a verdict;

- reference to Plaintiff's motives in filing this case or any argument regarding the manner which a case ends up at trial;

- comments that some of Plaintiff's medical expenses have been or will be paid by a third party or that Plaintiff's decedents have received any payments from collateral sources;

- reference to Plaintiff's unrelated medical conditions and any associated medications;

- comparison to previous awards or settlements in similar cases;

- reference to settlement negotiations;

- comments as to the race, ethnicity, or immigration status of the parties;

- evidence of a subsequent slip and fall outside of the area where Plaintiff fell;

- evidence of Defendant's efforts to clean up the spilled dressing;

- suggestion that Plaintiff's death was as a result of the underlying incident;

- reference to other affiliates of Defendant or corporate entities other than Defendant Horseshoe Hammond, LLC;

- any argument, questions, testimony, or evidence suggesting that Plaintiff's choice of footwear caused or contributed to her fall; and

- any argument, questions, testimony, or introduction of evidence of Plaintiff's unrelated health conditions or her death, other than the fact that she died of unrelated causes.

Plaintiff also requests that the Court exclude opinions that personal injury awards are too high because that is irrelevant and potentially prejudicial. Although Defendant states that the motion

remains in dispute, it did not file a response to the motion. Any general statement about the amount of awards is potentially prejudicial and unrelated to this specific case, and is therefore excluded.

In request 21, Plaintiff requests that Defendant's expert be barred from testimony that is beyond or inconsistent with the opinions explored and expressed in his depositions, and Defendant has stated an objection but not made any argument as to why the request is inappropriate. Undisclosed information will not be permitted. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

## II.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's General Motions *in Limine* [DE 59], Plaintiff's Motion *in Limine* to Bar Argument that Plaintiff Should Anticipate Defendant's Negligence and Not Wear Sandals [DE 60], Plaintiff's Motion *in Limine* to Bar Unrelated Health Conditions/Death [DE 61], and the Motion in Limine of Horseshoe Hammond, LLC [DE 62] to the extent described above.

So ORDERED this 10th day of June, 2021.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record